UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**WILLIAM THOMAS TURNER**  CASE NO. **10-10454**
DEBTOR  CHAPTER 7

**ADVANCED ENVIRONMENTAL
SERVICES, INC.**
PLAINTIFF

V.  ADV. NO. **10-1051**

**WILLIAM THOMAS TURNER**
DEFENDANT

**MEMORANDUM OPINION**

Advanced Environmental Consulting, Inc. ("AEC") sued for a determination that debtor William Thomas Turner is personally liable on a state court judgment against Turner's company, Turner Environmental, Inc. ("TEI") and that the debt is not dischargeable under 11 U.S.C. §523(a)(2) and (4).[1] Turner is not liable for the debt and even if he were, the debt would be dischargeable.[2]

FACTS

Neither party disputes the relevant facts. TEI hired AEC to remediate mold that developed at the New Orleans Veterans Administration Hospital after Hurricane Katrina flooded the hospital. AEC completed the work but TEI failed to pay the contract price. The parties

---

[1] The complaint itself does not specify the statutory basis for plaintiff's claims. The plaintiff's pretrial memorandum argued that the debt was nondischargeable under 11 U.S.C. §§523(a)(2) and (4).

[2] The parties stipulated to the court's rendering judgment as to dischargeability but without granting a money judgment should it conclude that defendant was liable for a nondischargeable debt, in light of *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

stipulated that the Veterans Administration paid TEI $1,012,500.00 and that TEI owes AEC $451,426.74 for its work.[3]

TEI anticipated fulfilling its work on seven environmental contracts worth approximately $6 million in late 2007 and early 2008 and using anticipated profits of between $1.19 and $1.3 million[4] to pay AEC and its other creditors. However, TEI went out of business after it defaulted on those projects and did not pay its creditors. AEC then obtained a state court judgment against TEI for the $451,426.74 contract balance plus interest and attorney's fees, and afterward sought to amend the petition to pursue a claim against Turner on the theory that La. R.S. 9:4814(A) rendered him personally liable to AEC.[5] Turner's bankruptcy filing stayed AEC's lawsuit.

Turner was TEI's sole stockholder, director and officer, and decided which creditors TEI paid when TEI had funds to pay them. Turner admitted that "cash flow problems" led TEI to default on major projects even though Turner had put up his own money to help the company meet expenses in order to complete the work.[6] He insisted that the company had been trying to pay all its creditors before it failed. Turner had a personal stake in TEI's success because he'd personally guarantied the bonds necessary for TEI's bonded projects.[7]

---

[3] Statement of All Uncontested Facts, Pretrial Order ¶¶2(3) and (5) [P-27].

[4] Summary of Pending Jobs of Turner Environmental, Inc. as of March 24, 2008, Exhibit P-17.

[5] La. R.S. 9:4814(A) states that "[n]o contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract."

[6] Turner testified that he did authorize payment of his salary and repayment of his loans to the company from TEI's sole checking account. Most of those payments occurred after AEC had completed its work on AEC's contracts in January 2008. See Exhibit P-17.

[7] Because the bonds were not offered at trial, no evidence established whether they were performance or payment bonds.

2

The defendant does not dispute that the VA paid TEI the full contract price for AEC's remediation work at the hospital or that TEI owes a debt to AEC. However, Turner contends that he is not *personally* liable for TEI's debt to AEC and that even if he were personally liable, the debt is dischargeable.

ANALYSIS

I. Even Assuming Louisiana Law Applies to this Dispute, La. R.S. 9:4814(A) Does Not Render Turner Personally Liable for TEI's Debt.[8]

Section 4814(A) of the Louisiana Private Works Act, La. R.S. 9:4801 *et seq.*, provides that "[n]o contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to [sic] *sellers of movables or laborers* due for the construction or under the contract." (Emphasis added.) AEC contends that La. R.S. 9:4814(A) renders Turner, as TEI's agent, liable to AEC. Turner responds that the statute applies only to claims by "sellers of movables" and "laborers," not subcontractors, and so does not give AEC a claim against Turner.

Statutes that create liens and privileges or provide for penalties and attorney's fees must be strictly construed. *Guillory v. Lee*, 16 So.3d 1104, 1130 (La. 2009). Strictly construing R.S. 9:4814(A), the court in *Rebel Electric, LLC v. Jacobs Builders, Inc.*, 2010 WL 1487219 at *2 (La. App. 1st Cir.) concluded that the statute gives a right of action only to a seller of movables or a laborer.

---

[8] Though the parties briefed the Louisiana Private Works Act at length, that law does not apply to this dispute. TEI apparently contracted for the repair of a public building owned by the Department of Veterans Affairs, an agency of the United States government, although the sparse record – the parties failed to offer the contract itself into evidence – prevents a definitive finding on this point. Therefore, AEC's work was subject to the Miller Act, 40 U.S.C. §§3131 *et seq.* and *not* Louisiana law on liens and privileges. The Miller Act protects subcontractors on federal construction projects who cannot obtain a lien against government property to ensure payment on the projects. *F. D. Rich, Inc. v. U.S. ex rel. Industrial Lumber Co.. Inc.*, 417 U.S. 116, 121-22, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974).

AEC was the *subcontractor* on the VA Hospital project and neither the seller of any movables used in the project nor a laborer. The strict construction of section 4814(A) that Louisiana courts command does not support the conclusion that the statute creates a remedy for a subcontractor that had not received the price on a construction contract, even though the owner had paid the general contractor. Accordingly, even if it did apply to this dispute, the section provides no basis for holding the debtor liable for TEI's debt to AEC.

> II.  <u>Even if Turner Were Personally Liable to AEC, the Plaintiff did not Prove the Debt is Not Dischargeable.</u>
>
> > a.  <u>AEC's Claim against Turner is Dischargeable notwithstanding 11 U.S.C. §523(a)(2).</u>

Though AEC's complaint did not specifically claim entitlement to relief under section 523(a)(2), the plaintiff argues in its pretrial memorandum that assuming Turner is liable to it, his debt is not dischargeable under section 523(a)(2).[9] AEC as plaintiff bears the burden of proving that a debt falls within one of section 523's discharge exceptions. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005).

Even assuming *arguendo* that Louisiana law did render Turner personally liable for TEI's failure to use the VA payment to satisfy AEC's claim against it, Bankruptcy Code section 523(a)(2) would not make Turner's debt to AEC nondischargeable.

AEC offered no evidence at trial that Turner had misrepresented any fact or committed any fraud that would support a claim under §523(a)(2), nor did its post-trial memorandum refer to that theory of the case. In fact, in response to the court's questions during argument on the defendant's trial motion for judgment on partial findings at the conclusion of the plaintiff's case, AEC's counsel stated that AEC was not alleging that Turner had committed fraud.

---

[9] Bankruptcy Code section 523(a)(2)(A) excepts from discharge debts for money obtained by "false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

4

This supports a conclusion that AEC abandoned its claim – if indeed if it intended to make that claim – that Turner's obligation was nondischargeable under section 523(a)(2). Alternatively, the defendant is entitled to judgment dismissing plaintiff's claim under §523(a)(2).

      b.  <u>AEC's Claim against Turner is Dischargeable under 11 U.S.C. §523(a)(4).</u>

AEC also argues that Turner's causing TEI to use the VA's contract payments for purposes other than paying AEC violated La. R.S. 14:202, a criminal statute.[10] Building on this, it reasons that Turner's misapplication of the contract payments was a defalcation in a fiduciary capacity that leaves the debt nondischargeable under 11 U.S.C. §523(a)(4).[11] Turner responds that he was not AEC's fiduciary under Fifth Circuit decisions construing section 523(a)(4).

AEC relies principally on *Angelle v. Reed (In re Angelle)*, 610 F.2d 1335 (5th Cir. 1980), which construed an earlier version of La. R.S. 14:202.[12] Critical to *Angelle*'s holding was the absence from the Louisiana criminal statute of language imposing a trust-like obligation on contractors independent of their alleged misappropriations.

*Angelle* and other Fifth Circuit opinions addressing claims under 523(a)(4) hold that for a trust relationship to give rise to a fiduciary duty within the discharge exception, the relationship must be separate from, and predate, the act from which the claim arose. *Angelle*, 610 F.2d at 1338, citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed.2d 393

---

[10] Though the complaint does not allege that Turner violated La. R.S. 14:202, the plaintiff's brief cites it as the basis for a conclusion that Turner was a fiduciary under 11 U.S.C. §523(a)(4).

[11] Section 523(a)(4) also excepts from discharge debts for embezzlement or larceny. AEC's trial counsel conceded that its complaint did not allege that Turner had committed embezzlement or larceny.

[12] When the Fifth Circuit ruled in *Angelle* in 1980, La. R.S. 14:202 provided that: "Any person, contractor or subcontractor or agent of a contractor or subcontractor who has applied any money received on account of any contract including contracts and mortgages for interim financing, for the construction, erection, or repair of any building, structure, or other improvement to any other purpose than the settlement of claims for material and labor due or to become due for said construction or under the contract shall, in case of default on the contract, or default in payment of claims for material or labor, be fined not less than one hundred dollars nor more than five hundred dollars and imprisoned for not less than thirty days nor more than six months, and in default of fine, imprisoned for not less than thirty days nor more than six months additional."

(1934). *See also LSP Investment Partnership v. Bennett (In re Bennett)*, 989 F.2d 779, 784 (5th Cir. 1993) (to establish a fiduciary duty within section 523(a)(4), "[t]he debtor must have been a trustee before the wrong and without any reference to it"); *Boyle v. Abilene Lumber, Inc. (In re Boyle)*, 819 F.2d 583, 589 (5th Cir. 1987) (state statutes imposing trust-like obligations upon entities holding construction funds only after the funds were diverted did not create fiduciary duties within the meaning of section 523(a)(4)).

AEC argues that the Fifth Circuit's ruling in *Angelle* is not controlling because of the Louisiana Legislature's 1990 amendments to La. R.S. 14:202. Section 202(A) of title 14 as amended now provides in relevant part that –

> No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.[13]

However, AEC's attempt to distinguish *Angelle* because of the 1990 amendment of section 14:202(A) has no merit.

State law is crucial in determining the existence of a trust obligation that creates a fiduciary duty for purposes of section 523(a)(4). *Bennett*, 989 F.2d at 784. AEC mistakenly relies on *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir. 1980) (which predates *Angelle*), where the court considered whether an Oklahoma lien statute[14] created an express trust for purposes of section 523(a)(4); and *Boyle*, where it faced the issue of whether a Texas

---

[13]  This language is identical to the pertinent language of La. R.S. 9:4814(A).

[14]  The Oklahoma statute, 42 Okl. St. Ann. §152(1), recited: "The amount payable under any building or remodeling contract shall, upon receipt by any contractor or subcontractor, be held as trust funds for the payment of all lienable claims due and owing or to become due and owing by such contractors or subcontractors by reason of such building or remodeling contract."

construction funds statute[15] created a fiduciary relationship for purposes of section 523(a)(4). Neither opinion considered the Louisiana statute on which plaintiff relies.

La. R.S. 14:202, even with its amendments, does not expressly create a trust despite requiring a contractor properly to apply payments it receives on account of a construction contract. *See Lytle v. Weber (In re Weber)*, 450 B.R. 595 (Bankr. M.D. La. 2011). Accordingly, La. R.S. 14:202(A) does not impose a fiduciary duty on Turner for the purpose of applying Bankruptcy Code section 523(a)(4). Because the pertinent language of La. R.S. 9:4814(A) is identical to that in La. R.S. 14:202(A), by implication La. R.S. 9:4814(A) also fails to create a trust relationship that would bring the actions or omissions prohibited by that statute within the scope of section 523(a)(4). Hence, Turner was not AEC's fiduciary for purposes of section 523(a)(4), and so even if he were personally liable to AEC, the debt would not be nondischargeable.

## CONCLUSION

AEC did not establish that Turner is liable for TEI's debt to it. Alternatively, even if Turner were liable to AEC, its debt is dischargeable.

Baton Rouge, Louisiana, November 15, 2011.

**s/Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[15] Texas Prop. Code Ann. §162.001(a) states that "[c]onstruction payments are trust funds under this chapter if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state." Section 162.002 provides: "A contractor, subcontractor, or owner, or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds."